UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>JOHNATHAN OLIVER SHORTER,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:11-90-KKC<br><br><br>**OPINION & ORDER** |

*** *** ***

This matter is before the Court on Defendant Johnathan Shorter's motions for an order of this Court and for leave to appeal *in forma pauperis*. (DE 53; DE 54.) Defendant repeats that the Bureau of Prisons ("BOP") has proposed payment of half of his prison salary (approximately $25.00-$60.00 per month) towards his Court ordered restitution. Defendant previously alleged that the BOP proposal violated this Court's July 10, 2012, order and he sought injunctive relief to prevent enforcement of the proposal. (DE 47.) This Court's March 3, 2016, order denied Defendant's injunction request. (DE 52.)

That order explained that:

> Defendant avers that the BOP's actions are in direct violation of this Court's directive that "[w]hile incarcerated, Defendant shall make minimum quarterly payments toward restitution . . . not less than $60.00 per quarter" and that "[i]f U.S. Probation believes Defendant can pay an additional monthly amount . . . Probation shall submit a request for a modification[.]" (DE 42 at 3–4.). Contrary to the explicit language of the order, Defendant apparently has interpreted these instructions as setting forth the entirety of his possible quarterly payment obligations towards restitution.
>
> However, the portion of the order cited by Defendant clearly establishes no more than a *minimum* quarterly payment. The Court's order was drafted and entered with full knowledge of

> the BOP policies on Inmate Financial Responsibility. If the Court had sought to restrict the BOP's discretion regarding the Defendant's restitution responsibilities, beyond setting a mandatory minimum payment, it would have done so explicitly.

(DE 52.) Defendant now alleges that the BOP coerced him into signing a contract for employment by "threats of retaliation such as: termination from UNICOR, the placement within another job with little or no pay at all, as well as being transferred." (DE 53.) Defendant further avers that his employment contract is void for lack of consideration.

As this Court's prior order stated, the BOP acted within its discretion in setting Defendant's restitution responsibilities. The BOP's decision to condition Defendant's participation in the UNICOR program on his agreement to certain terms was also an appropriate exercise of discretion. The BOP was free to require Defendant's acceptance of its assessment of his ability to make restitution as a prerequisite to his participation in UNICOR. Defendant's additional representation, that this Court's restitution order is unconstitutionally vague, was addressed by this Court's prior order. However, for purposes of clarity the Court will reiterate that "not less than $60.00" means exactly what it says: Defendant must make *at least* $60.00 in quarterly restitution payments. The only limit that order placed on any agency's discretion was to require a petition to this Court if the United States Probation office felt Defendant's *minimum* contribution should be raised. (DE 42 at 3–4.) The BOP actions do not conflict with this Court's previous order and, thus, Defendant's motion for an order will be denied.

The Court has considered the Defendant's Affidavit, Prisoner Trust Fund Account Statement, and Application to Proceed *in forma pauperis*. (DE 54; DE 55.) Defendant's filings satisfy the requirements of Fed. R. App. P. 24(a)(1), and establish his inability to

pay. Accordingly, the Defendant "may proceed on appeal without prepaying or giving security for fees and costs." Fed. R. App. P. 24(a)(2).

Accordingly, **IT IS ORDERED** that

1. Defendant's motion for an order (DE 53) is **DENIED**; and

2. Defendant's motion for leave to appeal *in forma pauperis* (DE 54) is **GRANTED**.

Dated May 11, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY